## In the Matter of John Millard BECK.

### No. 02S00–0212–DI–635.

Supreme Court of Indiana.

July 3, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** The hearing officer found respondent guilty of misconduct in all of the fifteen counts filed against him. In all but three of the counts, respondent violated the Indiana Professional Conduct Rules in relation to his handling of bankruptcy cases. Respondent would accept money from clients to file bankruptcy petitions, not timely file the petitions, fail to return client calls for months at a time, and when he did communicate with clients, frequently, either he or his staff would mislead the clients as to the status of the petitions. He also failed to respond to the Commission's numerous requests for responses to client grievances and falsely told the Commission he turned a client's file over to the client's new attorney. Likewise, client demands for refunds of unearned fees went unanswered. In one instance, respondent communicated with a third party about a client's case without the client's permission.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in handling a client's legal affairs (15 instances); Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information (13 instances); Prof.Cond.R. 1.6, which prohibits a lawyer from providing information concerning the representation of the client to a third person without implied authorization to do so; Prof. Cond.R. 1.16(d), which requires a lawyer to refund unearned fees (5 instances); Prof.Cond.R. 8.1(a), which prohibits a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter; Prof.Cond.R. 8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority (3 instances); Prof.Cond.R. 8.4(a), which prohibits a lawyer from violating or attempting to violate the Ind. Professional Conduct Rule (4 instances); Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (5 instances); and Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

On December 5, 2002, the Commission filed a single count complaint against respondent. Respondent suffered a debilitating stroke on August 29, 2003, and his condition made him a risk of harm to the public if he continued to practice. On October 17, 2003, the Commission filed a

petition requesting the Court to issue an Order imposing an interim suspension on respondent. We issued such an Order on December 8, 2003. On January 14, 2004, the Commission amended its complaint against respondent, adding fourteen additional counts. Respondent's misconduct occurred beginning in May 1997 and pre-dates his stroke.

For the misconduct found herein, this Court now suspends the respondent, John Millard Beck from the practice of law for a period of not less than three (3) years, with the suspension retroactive to January 14, 2004, the date of the filing of the amended verified complaint. At the conclusion of respondent's suspension, he may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, the Hon. James W. Rieckhoff, Elkhart Superior Court, 315 South Second Street, Elkhart, IN 46516-3138, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J. and DICKSON, J., dissent, believing that respondent's misconduct warrants disbarment.